**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STANTON TANG, a Michigan resident,

       Plaintiff,

                               Case No. 1:24-cv-616

v.

                               Hon. Robert J. Jonker

NEXSTAR MEDIA INC., a Delaware
corporation
                               Magistrate Judge Ray Kent

       Defendant.
                               **Oral Argument Requested**

---

Todd R. Knecht (P35362)
KNECHT LAW, PLC
*Attorneys for Plaintiff*
P.O. Box 68292
Grand Rapids, MI 49516
TEL:  (616) 308-4716
trknechtlaw@gmail.com

Richard W. Warren (P63123)
OGLETREE DEAKINS, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
TEL: (248) 631-3679
FAX: (248) 593-2603
richard.warren@ogletree.com

---

**DEFENDANT NEXSTAR MEDIA INC.'S MOTION TO DISMISS**
**ALL OF PLAINTIFF'S DEFAMATION AND FALSE LIGHT CLAIMS**

NOW COMES Defendant, Nexstar Media Inc., through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, who hereby moves to dismiss all of Plaintiff's defamation and false light claims (*i.e.*, Counts I, II and III), pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its Motion, Nexstar Media Inc. relies upon the facts, law, and legal arguments set forth in the attached brief and exhibits.

On July 16, 2024 counsel for the Defendant corresponded in writing with counsel for Plaintiff to attempt to obtain concurrence in the relief sought in this Motion, but such concurrence was not granted.  Accordingly, Defendant respectfully requests that this Court grant its Motion

and enter a judgment in its favor, dismissing Plaintiff's claims for defamation and false light in their entirety and with prejudice.

Respectfully submitted,

*/s/ Richard W. Warren*
Richard W. Warren (P63123)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
TEL: (248) 631-3679
FAX: (248) 593-2603
Dated: July 17, 2024        richard.warren@ogletree.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STANTON TANG, a Michigan resident,

      Plaintiff,

                               Case No. 1:24-cv-616

v.

                               Hon. Robert J. Jonker

NEXSTAR MEDIA INC., a Delaware
corporation

                               Magistrate Judge Ray Kent

            Defendant.

                               **Oral Argument Requested**

---

| | |
|---|---|
| Todd R. Knecht (P35362) | Richard W. Warren (P63123) |
| KNECHT LAW, PLC | OGLETREE DEAKINS, PLLC |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| P.O. Box 68292 | 34977 Woodward Avenue, Suite 300 |
| Grand Rapids, MI 49516 | Birmingham, MI 48009 |
| TEL:  (616) 308-4716 | TEL: (248) 631-3679 |
| trknechtlaw@gmail.com | FAX: (248) 593-2603 |
| | richard.warren@ogletree.com |

---

**BRIEF IN SUPPORT OF**
**DEFENDANT NEXSTAR MEDIA INC.'S MOTION TO**
**DISMISS ALL OF PLAINTIFF'S DEFAMATION AND FALSE LIGHT CLAIMS**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ................................................................................................ 1

II.     RELEVANT COMPLAINT ALLEGATIONS ..................................................... 3

        A.      Plaintiff's position at WOOD-TV, and the Internal Memorandum ...................... 3

        B.      Plaintiff and Amy Fox distribute the Internal Memorandum to staff and a
                station revolt follows ........................................................................... 4

        C.      Plaintiff alleges that the Internal Memorandum was leaked, causing third
                parties to make defamatory statements about him .................................... 4

        D.      Plaintiff's allegations regarding his colleagues' social media statements ............. 5

        E.      Plaintiff's allegations regarding Nexstar's public statements............................ 5

III.    ARGUMENTS AND AUTHORITIES .................................................................. 6

        A.      Standards for dismissal under Rule 12(b)(6) ........................................... 6

        B.      Plaintiff's Complaint fails to state a plausible claim for defamation upon
                which relief can be granted .................................................................. 6

                1.      Plaintiff has failed to plead his claim with specificity .............................. 7

                2.      Plaintiff fails to allege that Nexstar's alleged statements, or alleged
                        implications from them, were false, and were not simply opinions ........ 10

                3.      Plaintiff fails to allege that Nexstar had the requisite intent to
                        support a defamation claim .................................................... 11

                4.      Defamation per se is an element of a defamation claim, not a
                        separate claim in and of itself, requiring dismissal of Count II ................ 12

        C.      Plaintiff's Complaint fails to state a plausible claim for false light upon
                which relief can be granted .................................................................. 13

IV.     CONCLUSION .................................................................................................. 14

i

## **TABLE OF AUTHORITIES**

**Cases**                                                                                     **Page(s)**

*Adamo Demolition Co. v. Int'l Union of Operating Engineers Local 150,*
    439 F.Supp.3d (E.D. Mich. 2020) ........................................................................7, 8

*Ahmed v. Hamtramck Public Schools,*
    2022 WL 5249436 (E.D. Mich. Oct. 6, 2022) ...........................................................9

*American Transmission, Inc. v. Channel 7 of Detroit, Inc.,*
    239 Mich. App. 695 (2000).......................................................................................12

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...................................................................................................6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...................................................................................................6

*Curtis v. Evening News Ass'n,*
    135 Mich. App. 101 (1984).........................................................................................8

*Duran v. Detroit News, Inc.,*
    200 Mich. App. 622 (1993).......................................................................................14

*Foundation for Behavioral Resources v. W.E. Upjohn Unemployment Trustee Corp.,*
    332 Mich. App. 406 (2020).......................................................................................13

*Ghanam v. Does,*
    303 Mich. App. 522 (2014).........................................................................................6

*Hamzine v. Tang TV Stations, Inc.,*
    2013 WL 4483485 (E.D. Mich. August 19, 2013)(unpublished) .........................8, 9

*Ireland v. Edwards,*
    230 Mich. App. 607 (1998).....................................................................................3, 11

*Ledl v. Quik Pik Food Stores, Inc.,*
    133 Mich. App. 583 (1984).....................................................................................7, 10

*Milkovich v. Lorain Journal Col.,*
    497 U.S. 1 (1990).................................................................................................3, 11

*Mitan v. Campbell,*
    474 Mich. 21 (2005) ........................................................................................3, 10, 12

ii

*Pullman Indus., Inc. v. Mfrs. Enameling Corp.*,
    15 Fed. Appx. 297 (6th Cir. 2001) ..................................................................2, 9

*Rondigo, LLC v. Twp. Of Richmond*,
    2012 WL 1021726 (E.D. Mich. Mar. 27, 2012) ............................................11

*Ruedger v. Bruyneel*,
    No. 243832, 2004 LEXIS at *5-6 (Mich. App. Feb. 19, 2004) ..................11

*Siddiqui v. General Motors Corp.*,
    2012 WL 335680 (Mich. Ct. App. Feb. 2, 2012) .........................................12

*Smith v. Anon. Joint Enterprise*,
    487 Mich. 102 (2010) ......................................................................................11

*Thomas M. Cooley Law Sch.v. Doe*,
    300 Mich. App. 245, 833 N.W.2d 331 (2013) ............................................12

*WHIC-USA, Inc. v. Carlisle*,
    2005 WL 1959503 (Mich. App. Aug. 16, 2005) .............................................7

**Statutes**

Bullard-Plawecki Employee Right to Know Act ............................................................1

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...............................................................1, 3, 6

## I.  __INTRODUCTION__

Nexstar Media Inc. ("Nexstar" or "Defendant") terminated the employment of Plaintiff Stanton Tang, its former News Director, after he engaged in misconduct that caused the newsroom to lose confidence in him, and for violating the standards of journalism by letting his personal views impact news coverage.[1]  Tang, along with a coworker, authored an ill-conceived Internal Memorandum to WOOD-TV's reporters that was interpreted as prohibiting further coverage of any Pride month events.  Reporters in the newsroom revolted against Tang and the Internal Memorandum's co-author (Amy Fox, former WOOD-TV Assistant News Director).  One or more of the Station's staff members leaked the Internal Memorandum to a competing news station, and a public outcry against the memorandum resulted.  It is notable that neither Plaintiff nor Fox allowed Station Management to review the Memorandum before sending it to the Station's reporting staff.

Seeking to shift the blame for his actions and misconduct, Plaintiff filed this lawsuit against Nexstar, alleging three claims: defamation/defamation by implication (Count I), defamation per se/defamation per se by implication (Count II), false light (Count III) and violation of the Bullard-Plawecki Employee Right to Know Act (Count IV).

Plaintiff's various defamation and false light claims, however, are deficient as a matter of law and require dismissal.  Plaintiff alleges the following as the basis for those claims:

- Nexstar publicly stated that the Internal Memorandum was not consistent with Nexstar's values, the way it covers the news, or the respect it has for its viewers;

- A former Executive Producer at Nexstar wrote on Twitter that "The guidance is not being followed.  The only two people involved in its creation have been removed from any

---

[1] Nexstar Media Inc. owns and operates WOOD-TV, the Grand Rapids, Michigan television station where Tang worked prior to his termination ("WOOD-TV" or the "Station").

discussions surrounding @WOODTV Pride coverage as our corporation conducts a thorough investigation."

- Nexstar's June 15, 2023 statement to Crain's that "We're looking into the situation at WOOD-TV, as the communication regarding the station's coverage of PRIDE month activities in the area is not consistent with Nexstar's values, the way we cover the news or the respect we have for our viewers.  We will take appropriate action as necessary to address this situation, and apologize for offending members of the LGBTQ community and WOOD-TV's viewers."

- Nexstar's June 16, 2023 internal statement to its staff that "the note does not reflect our values, the way we cover the news, or the respect we have for our viewers.  WOOD-TV is and always will be committed to diversity, equity and inclusion and to covering and reporting the news of the day in an expansive and inclusive fashion, consistent with these values.  And in case it wasn't clear from the news staff meeting and follow up note Tuesday, and Wednesday morning meetings, we are NOT changing our coverage of events connected to PRIDE month."

*See* Complaint at ¶¶ 29, 30, 31, 41-42.  Perhaps recognizing that none of these statements constitute defamation as a matter of law, Plaintiff's Complaint also goes into great detail about statements made by third parties separate and apart from Nexstar, including but not limited to media outlets referring to Plaintiff's Memorandum as "anti-gay," and 46 articles or internet posts concerning the internal memo making allegedly disparaging and harshly negative comments.  Plaintiff also accuses Nexstar of "failing to disavow" these stories.  *See* Complaint at ¶¶ 45, 46.[2]

Plaintiff's defamation and false light claims fail to state a claim for several independent and controlling reasons.  First, none of the statements Plaintiff attributes to Nexstar mention Plaintiff by name, nor do they refer to Plaintiff as "anti-gay" or attribute any negative characteristics to him. *See Pullman Indus., Inc. v. Mfrs. Enameling Corp.*, 15 Fed. Appx. 297, 303 (6th Cir. 2001)(affirming the district court's grant of summary judgment in favor of defendant on

---

[2] Plaintiff does not cite any controlling precedent supporting the existence of a legal duty for an employer to "disavow" or publicly renounce negative statements made by third parties about its employees.  Nor could Defendant locate any such precedent.  Michigan state and federal courts, however, have never imposed such a duty within the confines of a defamation or false light claim.

plaintiff's defamation claim because the lack of any direct or indirect defamatory reference to plaintiff in the challenged publication defeats the defamation claim as a matter of law). Instead, all such statements as quoted in the Complaint discuss Station values, and reinforce the importance of inclusivity and diversity. Second, Plaintiff fails to allege facts showing that Nexstar's statements were false, or implied materially false sentiments. *See Mitan v. Campbell*, 474 Mich. 21, 24; 706 NW2d 420 (2005)(holding that to be actionable, a statement must be false and defamatory). Instead, the statements attributed to Nexstar constitute opinions about the way the Station chooses to shape its news coverage, not objectively verifiable facts. *See Ireland v. Edwards*, 230 Mich. App. 607; 548 NW2d 632 (Mich App 1998)(holding that if a statement cannot be reasonably interpreted as stating actual facts about the plaintiff, it is not actionable because some expressions of opinion are permitted); *Milkovich v. Lorain Journal Col.*, 497 U.S. 1, at 17-21 (1990). Further, Plaintiff's "defamation per se" claim fails because it is not an independent cause of action separate from defamation. Rather, it is a prima facie element of a defamation claim. Plaintiff's false light claim fails for the very same reasons his defamation claims fail. Given the foregoing, all of Plaintiff's defamation and false light claims require dismissal under FRCP 12(b)(6).

## II.   RELEVANT COMPLAINT ALLEGATIONS

### A.   Plaintiff's position at WOOD-TV, and the Internal Memorandum.

Plaintiff alleges that he was hired by Nexstar in December 2021 to be its News Director for WOOD-TV, an NBC affiliate in Grand Rapids, MI. *See* Complaint at ¶¶ 13. He claims that WOOD-TV was publishing content about Pride month in June 2023 that was not newsworthy. *Id*. at ¶ 21. When Plaintiff learned that another reporter was planning to cover a Pride Month event, he directed his subordinate, Amy Fox, to prepare an Internal Memorandum recommending that

reporters provide more balanced coverage of Pride month events in the West Michigan area. *Id.* at

¶ 22.  The Internal Memorandum told reporters not to cover every Pride month event, and covering

Pride events required consideration of "how to make the story balanced and get both sides of the

issue." *Id.* at ¶ 23.

**B.**     **Plaintiff and Amy Fox distribute the Internal Memorandum to staff and a station revolt follows.**

Plaintiff and Amy Fox distributed the Internal Memorandum to Station staff via email. *Id.*

at ¶ 25.  A staff revolt followed, with some WOOD-TV employees characterizing the Internal

Memorandum as anti-gay. *Id.*  Although Plaintiff claims that some station employees asserted that

the Internal Memorandum amounted to discrimination, he alleges that Station Manager Julie

Brinks stated that she did not believe the Memorandum amounted to discrimination against

anyone. *Id.* at ¶ 26.[3]

**C.**     **Plaintiff alleges that the Internal Memorandum was leaked, causing third parties to make defamatory statements about him.**

Plaintiff's Complaint does not accuse Nexstar of intentionally leaking the Internal

Memorandum to third parties with the intent of causing damage to his reputation.  Instead, Plaintiff

attributes that to an unknown person or persons. *See* Complaint at ¶ 28.  Plaintiff alleges that this

anonymous leak led to third party media outlets stating that Station reporters were ordered not to

cover Pride-related events, and that the Internal Memorandum was anti-gay. *Id.* at ¶ 29.  According

to Plaintiff, these third party media sources accused Plaintiff of being a "racist" and "interjecting

his own political viewpoints in the editorial decisions of the newsroom." *Id.* at ¶ 34.  Plaintiff

---

[3] It is notable that Plaintiff does not allege that Nexstar itself characterized either him or the Internal Memorandum as "anti-gay."  Further, Plaintiff's claim that Brinks stated that she did not view the Internal Memorandum as discriminatory directly undermines Plaintiff's defamation claims.

alleges that TheDesk.net – which is not owned or operated by Nexstar – referred to him as a racist. *Id.* at ¶ 34.

Plaintiff does not claim that WOOD-TV published news stories describing him as anti-gay or a racist, accusing him of discriminating against gay individuals, or otherwise attributing unsavory characteristics to him.  Instead, Plaintiff's Complaint attributes that to TheDesk.net.  *Id.* at ¶ 34.  It is clear from Plaintiff's Complaint that all of the reputational damage he claims to have suffered arises from third-party statements that both specifically name him and describe him as anti-gay, <u>not</u> from statements made by Nexstar.

**D.    Plaintiff's allegations regarding his colleagues' social media statements.**

Plaintiff alleges that Luke Stier and Madeline Odle, two former WOOD-TV Executive Producers, stated on social media site "Twitter" that the Internal Memorandum guidance was not being followed, and that "the two people involved in its creation" have been removed from any discussions involving Pride month coverage as an investigation was conducted. *Id.* at ¶ 31.

**E.    Plaintiff's allegations regarding Nexstar's public statements.**

Plaintiff claims that he experienced defamation through the following: (a) Nexstar publicly stated that the Internal Memorandum was not consistent with Nexstar's values, the way it covers the news, or the respect it has for its viewers; (b) Nexstar made a statement to Crain's that "We will take appropriate action as necessary to address this situation, and apologize for offending members of the LGBTQ community and WOOD-TV's viewers;" (c) Nexstar sent a June 16, 2023 internal statement to its staff that "the note does not reflect our values, the way we cover the news, or the respect we have for our viewers.  WOOD-TV is and always will be committed to diversity, equity and inclusion and to covering and reporting the news of the day in an expansive and inclusive fashion, consistent with these values.  And in case it wasn't clear from the news staff

meeting and follow up note Tuesday, and Wednesday morning meetings, we are NOT changing our coverage of events connected to PRIDE month; and (d) a former Executive Producer at Nexstar wrote on Twitter that "The guidance is not being followed.  The only two people involved in its creation have been removed from any discussions surrounding @WOODTV Pride coverage as our corporation conducts a thorough investigation."  *See* Complaint at ¶¶ 29, 30, 31, 41-42.

## III.   ARGUMENTS AND AUTHORITIES

### A.     Standards for dismissal under Rule 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Bare recitals of a cause of action, supported by mere conclusory statements, are insufficient to satisfy the federal pleading requirements.  *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.  Here, accepting as true all of the well-pleaded factual allegations of the Complaint, and viewing them in the light most favorable to Plaintiff, Plaintiff's Complaint fails to state a claim upon which relief can be granted for all of his defamation and false light claims, and those claims should be dismissed.

### B.     Plaintiff's Complaint fails to state a plausible claim for defamation upon which relief can be granted.

To state a claim for defamation, Plaintiff must plead facts showing: (1) an unprivileged false and defamatory statement; (2) communicated to a third-party; (3) with fault of at least recklessness; and (4) special harm caused.  *Ghanam v. Does*, 303 Mich. App. 522, 544 (2014).  Plaintiff has failed to sufficiently plead these elements, and thus dismissal of all of his defamation claims, for the reasons set forth below, is appropriate.

**1.   Plaintiff has failed to plead his claim with specificity.**

Plaintiff's allegations regarding the statements upon which he relies for his defamation claim utterly lack the requisite level of specificity.  Courts have instructed that to state a claim for defamation:

> [t]he essentials of a cause of action for libel or slander must be stated in the complaint, including allegations as to the particular defamatory words complained of, <u>the connection of the defamatory words with the plaintiff</u> where such words are not clear or are ambiguous, and the publication of the alleged defamatory words.

*Ledl v. Quik Pik Food Stores, Inc.*, 133 Mich. App. 583, 589 (1984) (internal quotations omitted)(emphasis added); *WHIC-USA, Inc. v. Carlisle*, 2005 WL 1959503, *2 (Mich. App. Aug. 16, 2005) (*citing Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.*, 197 Mich. App. 48 (1992) ("[a] party alleging defamation must specify which statements are false and defamatory").

Here, Plaintiff's defamation claim is premised on four types of statements alleged to have been made by Nexstar: (a) that Nexstar values diversity, equity and inclusion; (b) that a communication regarding the station's coverage of PRIDE month activities is not consistent with Nexstar's values; (c) that Nexstar is looking into the situation; and (d) an internal station communication stating that an investigation was occurring and that appropriate action would be taken.

None of these statements, however, even mention Plaintiff, either by name or by reference. Nor do they convey or imply any negative characteristics about him.  They do not accuse him of committing a crime, an act of dishonesty, or immoral conduct.  None of these statements accuse Plaintiff of being anti-gay, or of engaging in discrimination.  A casual reader or member of the public reading these statements would see neither a reference to Plaintiff, nor anything attributing poor or unsavory qualities about him.  Instead, they would see statements only referencing

WOOD-TV's commitment to diversity, indication that PRIDE month coverage would not be changing, and suggestion that the Station was reviewing what occurred internally.   These allegations are insufficient as a matter of law to state a valid defamation claim.

In *Adamo Demolition Co. v. Int'l Union of Operating Engineers Local 150*, 439 F.Supp.3d (E.D. Mich. 2020), Plaintiff subcontracted with Ford Motor Company, and sought to engage the services of qualified union laborers from Local 150 for purposes of carrying out that subcontract. Plaintiff claimed, however, that Local 150 provided it with substandard laborers and made defamatory statements about it, causing Adamo to experience damages.  *Adamo Demolition Co.*, 439 F.Supp. 3d at 939-941.   Specifically, Adamo claimed that Local 150 made false and defamatory statements about it to the union laborers, telling them to "get off machinery" and "immediately stop working." *Id.* at 945-46.   Local 150 responded by filing a motion to dismiss, among other things, Plaintiff's defamation claim.  The Court granted that Motion, holding that the statements were not actionable because they did not specifically reference or concern Adamo, and did not contain a "provably false factual connotation."  *Id.*

Similarly, in *Curtis v. Evening News Ass'n*, 135 Mich. App. 101; 352 NW2d 355 (1984), Plaintiff sued a newspaper, claiming that it engaged in defamation when it published a news story containing details about Plaintiff's deceased son, suggesting that the son's criminal activities led to his shooting death.  *Curtis,* 135 Mich. App. at 102-03.  Plaintiff contended that she suffered damage to her reputation resulting from the false statements concerning her son.  The Michigan Court of Appeals held that Plaintiff's defamation claim required dismissal because, as here, the statements at issue contained no reference to Plaintiff.  *Id.* at 103-104.  In so holding, the Michigan Court of Appeals held that a prima facie defamation claim requires the plaintiff to prove the existence of a false and defamatory statement concerning, and identifying, the plaintiff.  *Id.* at 103.

The Eastern District of Michigan reached the same result in *Hamzine v. Tang TV Stations, Inc.*, 2013 WL 4483485 (E.D. Mich. August 19, 2013)(unpublished), wherein three individual plaintiffs alleged that the defendant defamed them by publishing a news story called "Dirty Little Mattress Secret Uncovered" about refurbished mattresses sold and billed as "new." *Id.* at 2-3.  The news story went into great detail about allegations that the mattress company bought dirty mattresses, re-covered them and sold them as new. The defendant brought a 12(b)(6) Motion to Dismiss the defamation claims, contending that plaintiffs failed to allege a defamatory statement concerning them.  The District Court granted the Motion to Dismiss, holding that the alleged defamatory statements concerned Timeless Mattress, LLC, the company that sold the mattresses, and did not refer to the three individual plaintiffs at all.  *See Id.* at 7.  Accordingly, Plaintiffs could not establish a prima facie element of their claim – that defendant published a defamatory claim *concerning plaintiff* – and that claim required dismissal.  *Id, citing Siddiqui v. General Motors Corp.*, 2012 WL 335680, *6 (Mich. Ct. App. Feb. 2, 2012)(holding that "one of the basic requirements of a defamatory statement is that it must have a specific reference to the plaintiff" and dismissal was required where the alleged statements did not have a specific application to the corporate plaintiff).

The very same result is required here, where Plaintiff erroneously alleges that Nexstar defamed him through statements regarding Nexstar's commitment to diversity, its journalistic principles, its general statement regarding an internal investigation and its apology to members of the LBGTQ community.  Crucially, none of the alleged defamatory statements from Nexstar upon which Plaintiff relies mention him, connect him to the Internal Memorandum or attribute any ill characteristics to him.  Under controlling and persuasive authority, Plaintiff's defamation claim must be dismissed.  *See Pullman Industries, Inc. v. Manufacturers Enameling Corp.*, 15 Fed.

9

Appx. 297 (6th Cir. 2001)(affirming dismissal of defamation claim based on attorney's cease and desist letter sent from defendant to plaintiff because the alleged defamatory statement simply stated that Pullman transferred its coating business from Manufacturers Enameling Corp to another company, and did not accuse Pullman of misappropriation of technology); *Ahmed v. Hamtramck Public Schools*, 2022 WL 5249436 (E.D. Mich. Oct. 6, 2022)(holding that dismissal of defamation claims was appropriate because plaintiffs failed to allege the specific defamatory statements and did not connect them to specific persons).[4]

> **2. Plaintiff fails to allege that Nexstar's alleged statements, or alleged implications from them, were false, and were not simply opinions.**

Although Plaintiff takes great pains to articulate the statements made by Nexstar that he believes are defamatory, he fails to plead any facts showing that the alleged statements are false. This is fatal to his claims. *See Mitan v. Campbell*, 474 Mich. 21, 24; 706 NW2d 420 (2005)(holding that to be actionable, a statement must be false and defamatory).

In his Complaint, Plaintiff alleges no facts tending to show that Nexstar did <u>not</u>: (a) value diversity, equity and inclusion; (b) expect its local TV stations to cover and report the news of the day in an expansive and inclusive fashion; (c) look into the Internal Memorandum; (d) apologize if it offended members of the LBGTQ community; (e) advise its staff that the Internal Memorandum did not reflect Nexstar's values; (f) make a determination to continue covering Pride events as it had before; or (g) investigate the circumstances that led to the creation of the Internal Memorandum. Instead, the alleged defamatory statements attributed to Nexstar constitute

---

[4] Although Plaintiff attempts to ground his defamation claim in Nexstar's alleged failure to reject accusations in the media made by third party media outlets, no Michigan or Sixth Circuit Court has interpreted a valid defamation claim to exist where a defendant fails to publicly reject negative statements made by third parties.

opinions about the way the Station chooses to shape its news coverage, not objectively verifiable facts.

In and of itself, Plaintiff's failure to plead this basic element of his claim mandates dismissal, and illustrates the fundamental flaw running throughout Plaintiff's defamation and false light claims: Nexstar made no defamatory statements at all, and therefore Plaintiff cannot properly allege a defamation claim.  *See Ledl v. Quik Pik Food Stores, Inc.*, 133 Mich. App. 583; 349 N.W.2d 529 (1984)(holding that prima facie defamation claims require a plaintiff to prove the falsity of the alleged defamatory statements); *Ireland v. Edwards*, 230 Mich. App. 607; 548 NW2d 632 (Mich App 1998)(holding that if a statement cannot be reasonably interpreted as stating actual facts about the plaintiff, it is not actionable because some expressions of opinion are permitted); *Milkovich v. Lorain Journal Col.*, 497 U.S. 1, at 17-21 (1990).

### 3. Plaintiff fails to allege that Nexstar had the requisite intent to support a defamation claim.

Plaintiff has also not pled any facts alleging that Defendants had the requisite intent when making the statements Plaintiff attributes to them.  *See Ruedger v. Bruyneel*, No. 243832, 2004 LEXIS at *5-6 (Mich. App. Feb. 19, 2004) (holding that failure to plead facts showing the requisite intent level results in the failure to state a claim)

Nor has Plaintiff alleged any facts connecting the alleged statements made by Nexstar, which don't mention or reference him, to any reputational harm.  "A communication is defamatory if, considering all of the circumstances, it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Ireland v. Edwards*, 230 Mich. App. 607, 614 (1998).  The determination of harm is made

using an objective, reasonable person standard, and must be made within the context of which the statement was made.  *Id.*; *Smith v. Anon. Joint Enterprise*, 487 Mich. 102, 129 (2010).

Here, none of the facts pled by Plaintiff indicate how the general statements alleged to have been made by Nexstar about its news coverage goals could possibly have harmed Plaintiff's reputation in the community.  Without alleged harm, none of the statements can be defamatory.

Plaintiff's Complaint does not on its face identify a single actionable statement, and therefore dismissal of his defamation claim is appropriate.  *Rondigo, LLC v. Twp. Of Richmond*, 2012 WL 1021726, *9 (E.D. Mich. Mar. 27, 2012); *Siddiqui v. G.M. Corp.*, 2012 WL 335680, *4 (Mich. App. Feb. 2, 2012).

Because Plaintiff's defamation by implication claim requires all of the same elements of a standard defamation claim – with the exception of a showing that the alleged defamatory statements were materially false – the same arguments set forth above apply and require dismissal of that claim as well, for failure to state a claim.  *See American Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich. App. 695, 702; 609 N.W.2d 607 (2000)(holding that, rather than showing that a statement is literally false, a defamation by implication claim requires a showing that the defamatory implications were materially false).

### 4.    Defamation per se is an element of a defamation claim, not a separate claim in and of itself, requiring dismissal of Count II.

At Count II, Plaintiff attempts to plead a separate count called "defamation per se/defamation by implication per se.  That claim requires dismissal because, under Michigan law, defamation per se is not a separate claim, but is instead a prima facie element of a defamation claim that, if proven, excuses a plaintiff from establishing special damages.  *See Mitan v.*

*Campbell*, 474 Mich. 21, 706 N.W.2d 420, 421 (2005).  In *Mitan*, the Michigan Supreme Court

held that establishing a defamation claim requires a plaintiff to show:

> (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged
> communication to a third party, (3) fault amounting at least to negligence on the
> part of the publisher, and (4) either actionability of the statement irrespective of
> special harm (*defamation per se*) or the existence of special harm caused by
> publication.

*Mitan*, 706 N.W.2d at 421 (emphasis added).  Further, the Michigan Court of Appeals has held

that "defamation per se only excuses a plaintiff from proving actual damages – the plaintiff must

still prove the first three elements of defamation."  *See Thomas M. Cooley Law Sch.v. Doe*, 300

Mich. App. 245, 833 N.W.2d 331, 345 (2013).

 Given the foregoing, "defamation per se/defamation per se by implication" is not an

independent cause of action, Plaintiff has failed to state a claim upon which relief can be granted

and Count II requires dismissal as a matter of law.

 **C.** **Plaintiff's Complaint fails to state a plausible claim for false light upon which
relief can be granted.**

 At Count III, Plaintiff only generally alleges that unidentified "defamatory statements"

made by Nexstar were made with knowledge of their falsity, that they placed Plaintiff in a false

light, that Nexstar owed Plaintiff a duty of care not to do so, and that Plaintiff suffered severe and

irreparable injuries as a result.  *See* Complaint at ¶¶ 78-83.

 Plaintiff's false light claim, which apparently relies on all of the same allegations set forth

regarding his defamation claim, fails for the exact same reasons as those set forth above in Section

III(B) of this Brief.  For the sake of brevity, Nexstar incorporates all of those same arguments here.

 Plaintiff's false light claim also requires dismissal because he alleges no facts tending to

show that Nexstar falsely claimed that it: (a) valued diversity, equity and inclusion; (b) expected

13

its local TV stations to cover and report the news of the day in an expansive and inclusive fashion; (c) looked into the Internal Memorandum; (d) apologized if it offended members of the LBGTQ community; (e) advised its staff that the Internal Memorandum did not reflect Nexstar's values; (f) made a determination to continue covering PRIDE events as it had before; and (g) investigated the circumstances that led to the creation of the Internal Memorandum.  Further, those statements did not place Plaintiff in the position of having anything false said about him, nor did they attribute false characterizations to him.   Additionally, Plaintiff's failure to allege that Nexstar made the statements with malice is likewise fatal to his claim.  *See Foundation for Behavioral Resources v. W.E. Upjohn Unemployment Trustee Corp.*, 332 Mich. App. 406; 957 N.W.2d 352 (holding that malice is an essential element of a false light claim, whether plaintiff is a public or private figure).

For all of the foregoing reasons, Plaintiff's false light claim fails to state a claim upon which relief can be granted, and must be dismissed.  *See Duran v. Detroit News, Inc.*, 200 Mich. App. 622; 504 N.W. 2d 715 (Mich. App. 1993)(dismissing false light claim, which was based on news article stating that plaintiffs left Colombia after one of them received death threats, because the information in the article neither attributed false characteristics to plaintiffs, nor did it place them in a false position).

## IV.   **CONCLUSION**

For the reasons set forth above, Defendant Nexstar Media Inc. respectfully requests the Court dismiss Plaintiff's defamation and false light claims with prejudice, and order any other award the Court deems just and equitable.

14

Respectfully submitted,

*/s/ Richard W. Warren*
Richard W. Warren (P63123)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
TEL: (248) 631-3679
FAX: (248) 593-2603
Dated: July 17, 2024                           richard.warren@ogletree.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that the text of this Brief in Support of Defendant Nexstar Media Inc.'s Motion to Dismiss All of Plaintiff's Defamation and False Light Claims, as counted by Microsoft Word 2016, consists of 5,509 words including heading, footnotes, citations, and quotations (but excluding the case caption, cover page, table of contents, table of authorities, the signature block, this certificate of compliance, certificate of service, and exhibits) and complies with the requirements of Local Civil Rule 7.2(b)(i) and (ii) of the United States District Court for the Western District of Michigan.

As permitted by Local Civil Rule 7.2(b)(ii), the undersigned has relied upon the word count feature of this word processing system in preparing this Certificate of Compliance.

Respectfully submitted,

 */s/ Richard W. Warren*
Richard W. Warren (P63123)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
TEL: (248) 631-3679
FAX: (248) 593-2603
Dated: July 17, 2024                richard.warren@ogletree.com

16

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 17, 2024, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys

of record.

> _/s/ Richard W. Warren_
> Richard W. Warren (P63123)
> OGLETREE, DEAKINS, NASH, SMOAK &
> STEWART, PLLC
> _Attorneys for Defendant_
> 34977 Woodward Avenue, Suite 300
> Birmingham, MI 48009
> TEL: (248) 631-3679
> FAX: (248) 593-2603
> richard.warren@ogletree.com

17