UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY FOX,

          Plaintiff,

v.

NEXSTAR MEDIA GROUP, INC.,

          Defendant.

_____/

STANTON TANG,

          Plaintiff,

v.

NEXSTAR MEDIA GROUP, INC.,

          Defendant.

_____/

Case No. 1:24-cv-614

HON. ROBERT J. JONKER

Case No. 1:24-cv-616

HON. ROBERT J. JONKER

## ORDER

Plaintiff Amy Fox moves for a second time to receive special dispensation regarding an FPTC scheduled by the Court. The first time around she asked for a re-scheduling of the FPTC. (ECF No. 95). All parties in both cases concurred. The Court ultimately granted the Motion, (ECF No. 100), but only after entering an Order directing the parties to submit "at least three dates on which all parties are mutually available in the month of July … to attend the FPTC." (ECF No. 98). The re-scheduled date of July 20 was one of the options submitted by the parties.

It now turns out that plaintiff Amy Fox will not be able to attend the rescheduled FPTC, but is willing to participate by phone, and she seeks the Court's concurrence. (ECF No. 102). The Court does not concur and **DENIES** the motion. Litigation is almost always inconvenient. But

trying to set a simple FPTC that everyone commits to attend should not be this challenging.  It pales in comparison to the difficulty and inconvenience of trial, which is one reason the Court requires the personal presence of parties at the FPTC—to make sure everyone understands and is prepared for what the trial process entails before the Court inconveniences citizens by summoning them to the Courthouse for jury service.

The Court will consider re-scheduling the FPTC yet again if the parties submit alternate dates on which all parties can and will attend.  This time, though, please make sure there are no misunderstandings before submitting alternative dates to the Court.

Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**


Date:    May 11, 2026                          /s/ Robert J. Jonker
                                               ROBERT J. JONKER
                                               UNITED STATES DISTRICT JUDGE