UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY FOX,

        Plaintiff,

                                   CASE NO. 1:24-cv-0614

v.

                                   HON. ROBERT J. JONKER

NEXSTAR MEDIA GROUP, INC.,

        Defendant.
_____/

STANTON TANG,

        Plaintiff,

                                   CASE NO. 1:24-cv-0614

v.

                                   HON. ROBERT J. JONKER

NEXSTAR MEDIA GROUP, INC.,

        Defendant.
_____/

## **ORDER**

The Court conducted a combined Final Pretrial Conference in these matters on August 4, 2026.  The Court set the following deadlines:

1.  Not later than August 14, 2026, the parties will file an updated set of JOINT jury instructions, outlining agreed instructions and their objections to any proposed instructions on which they disagree.  The Court recommends a format like that used in *Stryker v. Zimmer*, 1:10-cv-1223, ECF No. 337.

2.  Not later than August 14, 2026, the parties will file any responses they have to pending Motions in Limine.

3. Not later than August 28, 2026, the parties will file updated exhibit lists and submit new proposed exhibit books.  The new filings and submissions must identify Joint Exhibits beginning with number 1,000; plaintiffs' separate exhibits beginning with number 1 (for plaintiff Fox) and number 250 (for plaintiff Tang); and separate defense exhibits beginning with number 500.  Each party must note any objections to exhibits offered by other parties.  Objections should be simple statements (such as relevance; hearsay; authentication) rather than fully developed arguments.  The Court encourages aggressive culling of exhibits.  The trial process generally works best when the jury can assess the credibility of live witnesses telling their stories with limited distractions from exhibits.  Of course some exhibits are essential—but probably fewer than the parties initially expect.

4. These cases will be consolidated for a single trial.  The Court asks the parties to anticipate an October 6, 2026, start date for trial.  After the Court clears some final logistical hurdles (which it expects to do), the Court will issue a formal trial notice.  Trial will begin at 8:30am and run until 2:00pm on consecutive business days until finished.  Each trial day will have two breaks of about 20 minutes.  There will be no lunch break.

The Court will resolve Motions in Limine, issue a tentative set of proposed Jury Instructions and enter a Final Pretrial Order (which will be based on the parties' submission but may include changes by the Court) before the start of trial.  The Court's Final Pretrial Order will also include a time limit for each side's opening statement, direct and cross examination of witnesses and closing arguments.  The Court is continuing its evaluation of anticipated proofs and

issues but is inclined to believe so far that the closest analogue in the Court's experience is *Lidochem v. Stoller*, Case No. 1:09-cv-204, a Lanham Act case with related state tort claims, including one for injurious falsehood and another for tortious interference.  The case involved five separate defendants, two plaintiffs and multiple state and federal claims.  The Court gave each side 10 hours of trial time, which proved to be sufficient.  The Court has not yet made final time determinations for this case.

**IT IS SO ORDERED.**

Dated:   August 5, 2026___                     /s/ Robert J. Jonker___
                                                ROBERT J. JONKER
                                                UNITED STATES DISTRICT JUDGE