UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY FOX,

Plaintiff,

v.

NEXSTAR MEDIA GROUP, INC.,

Defendant.
_______________________________/

CASE NO. 1:24-cv-0614

HON. ROBERT J. JONKER

STANTON TANG,

Plaintiff,

v.

NEXSTAR MEDIA GROUP, INC.,

Defendant.
_______________________________/

CASE NO. 1:24-cv-0616

HON. ROBERT J. JONKER

**ORDER RE: PLAINTIFFS' MOTION IN LIMINE**

Plaintiffs move in limine to exclude evidence, testimony, and argument touching on a variety of issues. (1:24-cv-0614, ECF No. 123; 1:24-cv-616, ECF No. 96.) The Court concludes that all of the issues raised by Plaintiffs are either legally unsupported or would be best addressed through instructions to the jury rather than through a motion in limine. Therefore, the Court will **DENY** Plaintiffs' motion (1:24-cv-0614, ECF No. 123; 1:24-cv-616, ECF No. 96) and amended motion (1:24-cv-0614, ECF No. 131).

**ISSUES DISCUSSED IN PLAINTIFFS' MOTION IN LIMINE**

**I. Nexstar's Reliance on Lay Witnesses**

Plaintiffs argue that Nexstar should be barred from calling any witnesses it did not disclose

in its initial disclosures. (1:24-cv-0614, ECF No. 124, PageID.1637.) Defendant counters that the failure to disclose other witnesses was harmless because all of the parties Defendant now intends to call were known to all parties throughout the case. (1:24-cv-0614, ECF No. 133, PAgeID.2008.) The Court agrees with Defendant. All of the parties that Defendant has listed as "will call" trial witnesses have been known to Plaintiffs for many years. In fact, Plaintiffs have taken depositions from most of them. Under such circumstances, the Court sees no reason to prevent Nexstar from relying on these witnesses. Therefore, the Court will decline to grant Plaintiffs' request regarding this issue.

**II. Nexstar's Reliance on Expert Witnesses**

Plaintiffs' contend that because Nexstar failed to make any timely expert disclosures under Federal Rules of Civil Procedure 26(a)(2)(B) or (C), it should be prohibited from calling any expert witnesses to testify about its journalism standards. (1:24-cv-0614, ECF No. 124, PageID.1638.) Defendant responds that it is not claiming that any of its witnesses are experts on journalism standards; it merely wants to call its witnesses to offer their highly relevant testimony regarding Nexstar's journalism standards. (1:24-cv-0614, ECF No. 133, PageID.2010.) The Court agrees that Defendant should not be prohibited from calling witnesses to testify about its journalism standards. That is perfectly fine for the same reason that it is fine for Plaintiffs to testify about those standards. Nexstar may not present its witnesses as experts, but it does not intend to do so.

**III. Arguments Relating to a "Qualified Privilege"**

Plaintiffs argue that Defendant should be prevented from arguing that its statements were entitled to a "qualified privilege." (1:24-cv-0614, ECF No. 124, PageID.1639.) According to Plaintiffs, whether allegedly defamatory statements are entitled to a qualified privilege is a question of law that was already decided at the summary judgment stage. (*Id.*) Defendant asserts

that the Court did not deal with the question of whether the statements are entitled to a qualified privilege in its summary judgment order, and it further asserts that Plaintiffs should be barred from raising such arguments in a motion in limine. (1:24-cv-0614, ECF No. 133, PageID.2012.) The Court agrees that such issues are not appropriately resolved through a motion in limine. The Court will address these issues in jury instructions. Therefore, the Court will decline to grant Plaintiffs' request regarding this issue.

**IV. Arguments Suggesting Nexstar Must Have "Intended" to Defame the Plaintiffs**

Plaintiffs are concerned that Defendant may attempt to argue that Nexstar can only be liable for defamation if Plaintiffs prove that Nexstar intended to defame the plaintiffs. (1:24-cv-0614, ECF No. 124, PageID.1641.) Plaintiffs contend that because intent is not one of the elements of a defamation claim, Defendant should be prohibited from arguing about it. (*Id.*) Defendant contends that arguments relating to intent go to actual malice, so they should be allowed in. (1:24-cv-0614, ECF No. 133, PageID.2013). This dispute presents an issue best addressed through jury instructions rather than through a motion in limine. Therefore, for the purposes of this motion, the Court will decline to grant Plaintiffs' request.

**V. Arguments Suggesting that Nexstar's Statements Were Only "Opinions"**

Plaintiffs assert that Defendant should be prohibited from arguing that Nexstar's statements are not actionable because they represent only the "opinions" of Nexstar. (1:24-cv-0614, ECF No. 124, PageID.1641.) Defendant argues that such arguments would be related to a valid defense and that nothing in the Court's summary judgment order said that Nexstar could not argue that its statements were mere opinions. (1:24-cv-0614, ECF No. 133, PageID.2013–14.) This dispute presents an issue best addressed through jury instructions rather than through a motion in limine. Therefore, for the purposes of this motion, the Court will decline to grant Plaintiffs' request.

**VI. Arguments Relating to Proximate Cause**

Plaintiffs argue that Defendant should be barred from making arguments suggesting that Nexstar's actions must have been the proximate cause of Plaintiffs' injuries because the idea of proximate cause is irrelevant to false light, defamation, and ERKA claims. (1:24-cv-0614, ECF No. 124, PageID.1642.) Defendant responds that Plaintiffs request is overbroad and explains that Nexstar merely wants to present evidence showing that some of Plaintiffs' damages are due to factors other than the actions taken by Nexstar. (1:24-cv-0614, ECF No. 133, PageID.2014–15.) This dispute presents an issue best addressed through jury instructions rather than through a motion in limine. Therefore, for the purposes of this motion, the Court will decline to grant Plaintiffs' request.

**VII. Argument Suggesting that Fox and Tang Catered to "Special Interest Group"**

Plaintiffs are concerned that Defendant may attempt to argue that Plaintiffs were terminated because they catered to a "special interest group," in violation of Nexstar's policies. (1:24-cv-0614, ECF No. 124, PageID.1643.) Defendant responds that the jury should be allowed to consider the evidence related to Plaintiffs' termination and to determine how much weight each piece of evidence deserves. (1:24-cv-0614, ECF No. 133, PageID.2016.) The Court agrees with Defendant that there is no reason to prevent evidence regarding Plaintiffs' terminations from being presented to the jury. Moreover, this dispute presents an issue best addressed through jury instructions rather than through a motion in limine. Therefore, for the purposes of this motion, the Court will decline to grant Plaintiffs' request.

**VIII. Arguments Suggesting that Only Nexstar Can Interpret Its Own Standards**

Plaintiffs are concerned that Defendant may attempt to argue that only Nexstar is capable of interpreting its journalism standards. It argues that lots of other witnesses have a proper

foundation to testify about Nexstar's journalism standards. (1:24-cv-0614, ECF No. 124, PageID.1644.) Defendant argues that there is no legal basis to prevent "Nexstar from arguing that it is the entity best suited to interpret its own journalism standards." (1:24-cv-0614, ECF No. 133, PageID.2017.) The Court sees no reason to prevent Nexstar's witnesses from opining that they are qualified to interpret Nexstar's journalism standards, but it also sees no reason to prevent any other witness from doing the same. In the end, it will be up to jury to decide how much weight to give each piece of evidence. This dispute between the parties presents an issue best addressed through jury instructions rather than through a motion in limine. Therefore, for the purposes of this motion, the Court will decline to grant Plaintiffs' request.

## CONCLUSION

Most of the issues Plaintiffs raise in their Motion in Limine (1:24-cv-0614, ECF No. 123; 1:24-cv-616, ECF No. 96) and their Amended Motion in Limine (1:24-cv-0614, ECF No. 131) are best addressed through instructions to the jury. And the Court sees no reason to grant the requests made by Plaintiffs regarding the other issues raised in the motions. Therefore, Plaintiffs motions are **DENIED**. The Court reminds the parties that in limine rulings are inherently provisional and subject to the development and presentation of proofs during trial.

**IT IS SO ORDERED.**

Dated: September 9, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE