UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY FOX,

Plaintiff,

v.

NEXSTAR MEDIA GROUP, INC.,

Defendant.
_______________________________/

CASE NO. 1:24-cv-0614

HON. ROBERT J. JONKER

STANTON TANG,

Plaintiff,

v.

NEXSTAR MEDIA GROUP, INC.,

Defendant.
_______________________________/

CASE NO. 1:24-cv-0616

HON. ROBERT J. JONKER

**ORDER RE: DEFENDANT'S FIRST MOTION IN LIMINE**

Defendant moves in limine to exclude the testimony of Plaintiffs' expert witnesses. (1:24-cv-0614, ECF No. 126; 1:24-cv-616, ECF No. 98.) The motion is **DENIED**.

**ISSUES RAISED IN DEFENDANT'S FIRST MOTION IN LIMINE**

**I. Amy Clements's Report and Testimony Regarding Economic Losses**

Defendant claims that the report and testimony of Amy Clements concerning economic losses is improper because such evidence primarily relates to Plaintiffs' termination from Nexstar, which has little significance in a defamation case. (1:24-cv-0614, ECF No. 126, PageID.1841.) Plaintiffs counter that Ms. Clements's testimony is highly relevant because Plaintiffs' damages will primarily be based on economic losses, such as lost wages and benefits, and Ms. Clements is

qualified to calculate such losses. (1:24-cv-0614, ECF No. 134, PageID.2023.) The Court agrees with the plaintiffs. It's true that this case is not a wrongful termination case, but Plaintiffs' core theory in the case that Defendant's scapegoating of the plaintiffs cost them their jobs and prevented them from getting comparable ones. Ms. Clements's testimony will help a jury make sense of that issue, and any defects in the testimony will go to the testimony's weight. There is no basis for exclusion.

## II. Noelle Brennan's Report and Testimony Regarding Nexstar's Workplace Investigation

Defendant argues that Noelle Brennan's report and testimony ought to be excluded because such evidence concerns only the "propriety of Nexstar's workplace investigation," which is not an issue in a defamation lawsuit. (1:24-cv-0614, ECF No. 126, PageID.1844.) Plaintiffs maintain that the investigation conducted by Nexstar is one of the central issues in this case. (1:24-cv-0614, ECF No. 134, PageID.2029.) Because Ms. Brennan can speak to whether the investigation conformed to generally recognized standards for conducting such investigations, her testimony is relevant. (*Id.*) And because she has conducted hundreds of investigations into employment issues, she is highly qualified to speak to the propriety of the investigation. (*Id.* at PageID.2026.)

The Court agrees with Plaintiffs. Even assuming that Plaintiffs' expert primarily does conduct Equal Employment Opportunity Commission investigations, her testimony is still relevant because the alleged defamation was not against third parties, but against Nexstar's own employees. As such, Nexstar's internal investigation is germane to the issues in the case, and an internal-investigation expert's opinion on whether that investigation conformed to generally accepted standards is also relevant. There is no basis for exclusion.

## III. Ted Linn's Report and Testimony on Journalistic Standards

Plaintiffs seek to introduce testimony from Ted Linn, a retired journalist with over 43 years

of experience working in newsrooms and serving as a member of the Radio, Television, and Digital News Association. (1:24-cv-0614, ECF No. 134, PageID. 2030.) Defendant asserts that Mr. Linn's report and testimony should be excluded because Mr. Linn is "patently unqualified to provide an opinion on Nexstar's journalism standards as Linn admits that he has never been a part of Nexstar's standards team." (1:24-cv-0614, ECF No. 126, PageID.1847.) Plaintiffs respond that Mr. Linn's experience makes him uniquely qualified to opine on Nexstar's standards, especially since those standards are based on model standards published by the professional organization to which Mr. Linn belongs. (1:24-cv-0614, ECF No. 134, PageID.2030.)

The Court sees no reason to exclude Mr. Linn's testimony. His expert opinions are just as relevant in this case as are the expert opinions of any other professional in a typical negligence case involving professional standards. In a civil case, the parties will normally have opposing views on many of the issues in the case, including the applicable standard of care and whether the defendant met that standard. In this case, the plaintiffs will undoubtedly testify that they abided by Nexstar's journalistic standards, and Nexstar will undoubtedly insist that they did not. An outside expert can help the jury navigate that issue. There is no basis for exclusion.

**IV. Fox's and Tang's Testimony**

Defendant asserts that the individual Plaintiffs—Fox and Tang—are seeking to have themselves declared experts qualified to offer opinion testimony regarding Nexstar's journalistic standards. (1:24-cv-0614, ECF No. 126, PageID.1850.) In their response brief, Plaintiffs clarify that they intend to rely on both Fox's and Tang's testimony regarding Nexstar's journalistic standards, but that they do not seek to have the Court or any else state that they are qualified as experts in journalistic standards. (1:24-cv-0614, ECF No. 134, PageID.2032.) This effectively moots the issue because even Nexstar does not attempt to preclude Plaintiffs from offering their

own non-expert opinions. As already noted, both sides may properly do so. It will be up to the jury to decide how much weight to give such testimony.

**V. Tang's Reliance on Expert Evidence**

Defendant asserts that even if expert testimony is admitted at trial, Plaintiff Tang cannot rely on any of that testimony because he did not disclose any experts by the deadline the Court set for disclosing such experts. (1:24-cv-0614, ECF No. 126, PageID.1851–52.) The Court will decline this request for several reasons. First, Plaintiff Tang has not indicated that he intends to rely on any aspects of the expert testimony that relates only to Plaintiff Fox, so to the degree Defendant objects to such use, the point is moot. Second, the Court sees no reason to prevent experts who have been known to all parties throughout the case from testifying about things that will pertain to both plaintiff's claims, such as aspects of a good workplace investigation and ways to adhere to generally accepted journalism standards. And finally, if there are specific aspects of the expert testimony that the jury should not consider with respect to Plaintiff Tang, that issue is best addressed in jury instructions.

**CONCLUSION**

Defendant's Motion in Limine (1:24-cv-0614, ECF No. 126; 1:24-cv-616, ECF No. 98) is **DENIED**. The Court reminds the parties that in limine rulings are inherently provisional and subject to the development and presentation of proofs during trial.

**IT IS SO ORDERED.**

Dated: September 9, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE